IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 95-30044-1 |
| | ) | |
| AVERY L. BROOKS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Brooks filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

The motion [d/e 90] is denied.

Brooks pled guilty to distributing a controlled substance. This Court found that Brooks was a career offender under U.S.S.G. § 4B1.1 and imposed a sentence of 262 months.

Brooks now seeks a sentence reduction pursuant to § 3582(c)(2).

That provision permits courts to reduce a sentence where the relevant sentencing range "has subsequently been lowered by the Sentencing Commission. . . ." § 3582(c)(2). Although Brooks' motions variously refer to "Amendment 9" and "Amendment 705," it is clear from the quotations and substance of Brooks' brief that he intends to refer to Amendment 706. Brooks, however, was sentenced as a career-offender; the drug quantity tables of § 2D1.1 were not used. Thus, because his guideline range would remain the same regardless of Amendment 706, Brooks is entitled to no relief under § 3582(c)(2). *See United States v. Forman*, 553 F.3d 585, 589-91 (7th Cir. 2009).

Brooks also raises a number of other arguments, apparently based on *Kimbrough v. United States*, 128 S. Ct. 558 (2007). That case, however, cannot help him. First, it is not a basis for relief under § 3582(c)(2), as it did not involve an action of the Sentencing Commission lowering the relevant sentencing range. *United States v. Sharkey*, 543 F.3d 1236 (10th Cir. 2008); *Hayes v. United States*, 141 Fed. Appx. 463, 464 (7th Cir. June 29, 2005) (noting, in response to a *Booker* argument, that § 3582(c)(2)

"authorizes an inmate to file a motion to reduce a sentence based on a subsequent amendment to the guidelines, not based on new case law"). Second, even if it were relevant, "a sentence entered under the career offender guideline, § 4B1.1, raises no *Kimbrough* problem." *United States v. Harris*, 536 F.3d 798, 813 (7th Cir. 2008). Third, even if a § 3582(c)(2) reduction had been granted, district courts still lack authority to sentence below the retroactive Guidelines amendment range despite *Booker* and its progeny. *United States v. Cunningham*, 554 F.3d 703, 705-09 (7th Cir. 2009) (rejecting contrary rule espoused in *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007)); *United States v. Washington*, 582 F. Supp. 2d 1051, 1054-55 (C.D. Ill. 2008) (same).

<u>Ergo</u>, Brooks' motion to reduce [d/e 90] is DENIED.

IT IS SO ORDERED.

ENTERED:                                              March 10, 2009

FOR THE COURT:                            /s Judge Richard Mills
                                                            United States District Judge

3